# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL J. DRIGHT** | **CIVIL ACTION** |
| **VERSUS** | **NO.  14-0678** |
| **N. BURL CAIN, WARDEN** | **SECTION  "A"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual Background

The petitioner, Michael J. Dright ("Dright") is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On May 23, 1994, Dright was charged by Bill of Information in Orleans Parish with three counts of armed robbery, three counts of second degree kidnapping, and two counts of attempted first degree robbery.[3]  Dright entered a plea of not guilty to the charges on May 25, 1994.[4]

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 3, Bill of Information (4 pages), 5/23/94.

[4]St. Rec. Vol. 1 of 3, Minute Entry, 5/25/94.

On August 15, 1994, Dright withdrew his former pleas and entered pleas of guilty to each of the eight counts.[5]  The Trial Court sentenced Dright on August 16, 1994, to serve concurrent sentences at hard labor of fifty (50) years on each of the three counts of armed robbery, forty (40) years on each of the three counts of second degree kidnapping, and twenty years (20) on each of the two counts of attempted first degree robbery with each sentence to be served without benefit of parole, probation, or suspension of sentence.[6]  Dright thereafter entered a plea of guilty to the State's multiple offender bill, and the court re-sentenced him as a multiple offender to serve fifty (50) years in prison at hard labor without benefit of parole, probation, or suspension of sentence.[7]

Dright's convictions and sentences became final five (5) weekdays later, on August 23, 1994, because he did not seek reconsideration of the sentence or seek leave to appeal.  La. Code Crim. P. art. 914;[8] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("[A] conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

---

[5] St. Rec. Vol. 1 of 3, Plea Minutes, 9/21/94; Plea of Guilty, 8/15/94; Plea Transcript, 8/15/94.

[6] St. Rec. Vol. 1 of 3, Sentencing Minutes (2 pages), 8/16/94.

[7] St. Rec. Vol. 1 of 3, Sentencing Minutes (2 pages), 8/16/94; Multiple Bill, 8/16/94; State's Post-Hearing Memorandum, 9/26/08.

[8] Louisiana law provides that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects on appeal or on post-conviction relief.  *State v. Crosby*, 338 So.2d 584, 588 (La. 1976).  Where grounds do exist, Louisiana law at the time required the defendant to move for leave to appeal within five (5) days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence.  La. Code Crim. P. art. 914 (prior to amendement La. Acts 2003, No. 949, § 1 changing it to 30 days).  Petitioner's failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period.  *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

Over four years later, on September 14, 1998, Dright submitted an application for post-conviction relief in which he raised the following grounds for relief:[9] (1) he received ineffective assistance of counsel; (2) the guilty plea was not knowingly and intelligently made; (3) he was denied due process where state witnesses gave testimony without being sworn; (4) he was denied a fair trial, effective cross-examination, and the right to face his accusers where he did not knowingly waive those rights; and (5) the plea was coerced by counsel and the prosecution.

The Trial Court denied relief on May 19, 1999, finding that Dright was properly advised of his rights before the plea.[10]  The Louisiana Fourth Circuit denied Dright's related writ application on July 1, 1999, finding no error in the Trial Court's ruling.[11]  The Louisiana Supreme Court also denied Dright's untimely writ application without stated reasons on December 8, 2000.[12]

Almost four years later, on November 9, 2004, Dright submitted to the Trial Court a Motion to Correct an Illegal Sentence arguing that he was sentenced on charges different from those to which he pleaded guilty.[13]  Over the next three and one-half years (including delays caused by Hurricane Katrina), the Trial Court heard argument on the motion and obtained additional briefing before denying the motion on September 26, 2008.[14]

---

[9]St. Rec. Vol. 1 of 3, Supplement in support of Application for Post-Conviction Relief, 9/17/98 (dated 9/14/98).

[10]St. Rec. Vol. 1 of 3, Trial Court Judgment, 5/19/99.

[11]St. Rec. Vol. 3 of 3, 4th Cir. Order, 99-K-1191, 7/1/99.

[12]*State ex rel. Dright v. State*, 775 So.2d 1079 (La. 2000); St. Rec. Vol. 2 of 3, La. S. Ct. Order, 2000-KH-0981, 12/8/10; La. S. Ct Writ Application, 00-KH-0981, 4/6/00 (dated 2/17/00).

[13]St. Rec. Vol. 1 of 3, Motion to Correct an Illegal Sentence, 11/23/04 (dated 11/9/04).

[14]St. Rec. Vol. 1 of 3, Docket Entry, 9/26/08; State's Post-Hearing Memorandum, 9/26/08; State's Response, 7/11/08.

The Louisiana Fourth Circuit denied Dright's untimely[15] filed writ application on May 20, 2009 finding no basis to review his claims.[16]  Dright's second untimely filed writ application to the Louisiana Fourth Circuit was also denied on October 21, 2009 for similar reasons.[17]  The Louisiana Supreme Court later denied Dright's untimely[18] writ application in that court without stated reasons on May 20, 2011.[19]

Almost two years later, March 18, 2013, Dright submitted another application for post-conviction relief to the Trial Court seeking renewed review of his claim of ineffective assistance during the plea proceedings based on the rules of law addressed by the United States Supreme Court in *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012), *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012), and *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012).[20]  The Trial Court denied the application on May 1, 2013, finding that it was untimely relief pursuant to La. Code Crim. P. art. 930.8 and also repetitive under La. Code Crim. P. art. 930.4, noting that Dright was represented by counsel during his first post-conviction proceeding.[21]

---

[15]Under La. App. R. 4-3, Calvert had 30 days from issuance of the lower court's order to file a writ application.

[16]St. Rec. Vol. 3 of 3, 4th Cir. Order, 2009-K-0523, 5/20/09; 4th Cir. Writ Application, 2009-K-0523, 4/24/09 (dated 4/7/09).

[17]St. Rec. Vol. 3 of 3, 4th Cir. Order, 2009-K-1363, 10/21/09; 4th Cir. Writ Application, 2009-K-1363, 10/8/09.

[18]Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's decision to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

[19]*State ex rel. Dright v. State*, 63 So.3d 969 (La. 2011); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2009-KH-2601, 5/20/11; La. S. Ct. Writ Application, 09-KH-2601, 12/2/09 (dated 11/20/09).

[20]St. Rec. Vol. 3 of 3, Memorandum in Support (dated 3/18/13).

[21]St. Rec. Vol. 1 of 3, Trial Court Order, 5/1/13.

The Louisiana Fourth Circuit denied Dright's writ application on June 17, 2013, finding no error in the Trial Court's ruling.[22]  The Louisiana Supreme Court also denied relief on February 21, 2014, also finding the post-conviction application to have been untimely and repetitive, citing La. Code Crim. P. arts. 930.4(D), 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[23]

## II.   Federal Habeas Petition

On May 8, 2014, the Clerk of this Court filed Dright's petition for federal habeas corpus relief in which he raised the following grounds for relief:[24] (1) the issue of ineffective assistance of counsel during his plea proceedings is subject to review on the merits and not time barred or procedurally defaulted under the Supreme Court opinions in *Lafler* and *Frye*; (2) the issue of ineffective assistance of counsel during his plea proceedings is subject to review on the merits and not procedurally barred under the Supreme Court opinions in *Martinez* and *Trevino v. Thaler*, __U.S.__, 133 S. Ct. 1911 (2013); and (3) he was denied due process when he was not properly advised of his rights before entering the pleas of guilty.

The State filed a response in opposition to the petition arguing that it was not timely filed under federal law, and Dright failed to present any exception to the limitations bar.[25]  In his reply

---

[22]St. Rec. Vol. 3 of 3, 4th Cir. Order, 2013-K-0783, 6/17/13.

[23]*State ex rel. Dright v. State*, 133 So.3d 674 (La. 2014); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2013-KH-1802, 2/21/14; La. S. Ct. Writ Application, 13-KH-1802, 7/25/13 (dated 7/18/13); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2013-KH-1802, 7/25/13.  In *State ex rel. Glover*, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness.  Art. 930.4(D) provides that "[a] successive application may be dismissed if it fails to raise a new or different claim."

[24]Rec. Doc. No. 3.

[25]Rec. Doc. No. 12.

to the State's response in opposition, Dright urges the Court to review the merits of his claims through retroactive application of the Supreme Court cases relied upon in his original brief.[26]

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[27] applies to this petition, which is deemed filed in this Court by Dright under the federal mailbox rule on March 21, 2014.[28]   The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default."  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As indicated above, the State recognized the procedural bars imposed by the state courts and urges that Dright's petition be dismissed as untimely filed under federal law.  For the reasons that follow, Dright's petition should be dismissed as untimely filed.

---

[26]Rec. Doc. No. 14.

[27]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[28]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Dright's federal habeas petition on May 8, 2014, when the filing fee was paid after denial of pauper status.  Dright dated his signature on the petition on March 21, 2014.  This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing to the Court.  The fact that he later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 376).

6

**IV.**     **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final or the date on which the Supreme Court issued a new rule of law made retroactive on collateral review.[29]  *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001).  In this case, contrary to Dright's arguments, the latter provision is unavailable to him.

Dright relies first on the Supreme Court's opinions in *Cooper* and *Frye*, which addressed challenges to the effective assistance of counsel during plea proceedings.  It is well settled in this Circuit that neither of these opinions announced new rules of constitutional law, because they merely applied the Sixth Amendment right to counsel to a specific factual context.  *In re King*, 697 F.3d 1189 (5th Cir. 2012); *see also*, *Miller v. Thaler*, 714 F.3d 897, 902 (5th Cir. 2013).  These cases offer no new opportunity for Dright to raise his ineffective assistance of counsel claims, a claim that was already addressed by the state courts in his original counsel-filed state application for post-conviction relief.

---

[29]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

In addition, the United States Supreme Court's holdings in *Martinez* and *Trevino* also do not provide an excuse or new trigger for Dright's failure to timely file this federal petition. In *Martinez*, the Supreme Court held that a state imposed "procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino*, 133 S. Ct. at 1912 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added) (internal quotation marks omitted).

As outlined above, Dright's first post-conviction claim of ineffective assistance of counsel during his plea was denied on the merits by the state courts, and he was in fact represented by counsel on that first opportunity at collateral review. This takes him outside of the factual scenario addressed in both *Martinez* and *Trevino*.

More importantly, the "default" at issue here is not a state imposed procedural bar to his claims. Instead, the bar here is Dright's failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See*, *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972484, at * 1 (W.D. La. Jul. 2, 2014); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report).

These Supreme Court cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA. *See*

*In re Paredes*, No. 14-51160, 2014 WL 5420533, at *6 (5th Cir. Oct. 25, 2014) ("[T]he Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Neither *Martinez* nor *Trevino* offer Dright any relief from or excuse for his untimely filing under the AEDPA.

Therefore, the appropriate starting point for the timeliness of Dright's federal petition under the terms of § 2244(d) is the finality of his conviction. As calculated above, Dright's conviction was final on August 23, 1994, when he did not appeal or seek reconsideration of his sentence. Under the AEDPA, Dright had one year from that date, or until August 23, 1995, to file a timely federal application for habeas corpus relief which he did not do.

However, where a petitioner's conviction became final prior to the effective date of the AEDPA, the Fifth Circuit has granted a one-year grace period after the effective date of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1004 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999). The Fifth Circuit in "*Flores* concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." *Flanagan*, 154 F.3d at 200 (citing *Flores*, 135 F.3d at 1004-05). "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." *Id.* (citing *Flores*, 135 F.3d at 1005).

Because Dright's conviction became final before the AEDPA's effective date of April 24, 1996, he was required to file his federal habeas petition no later than April 24, 1997. Under the federal mailbox rule, Dright filed this petition on March 21, 2014, which is almost seventeen (17) years after the allowable grace period expired, and it must be dismissed as untimely, unless the one-year grace period was interrupted or otherwise tolled in either of the two ways recognized in the applicable law.

### A.   <u>No Statutory Tolling</u>

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999) (Table). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000))

10

(finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

In the instant case, the one-year grace filing period began to run on April 25, 1996, the day after the AEDPA was effective. The grace filing period ran uninterrupted until April 24, 1997, when it expired. Dright had no properly filed state application for post-conviction or other collateral review pending during that time. He made no other relevant filing until the first state application for post-conviction relief was filed in the Trial Court seventeen (17) months later, on September 14,

1998.[30]  This pleading, filed after expiration of the one-year grace filing period, provides him no tolling benefit under the statute.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

For these reasons, Dright's federal petition deemed filed on March 21, 2014, was not timely filed in this federal court.

### B.     No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state

---

[30]St. Rec. Vol. 3 of 3, Uniform Application for Post-Conviction Relief, 6/29/10 (dated 6/10/10).

appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Dright has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The fact that he is not educated in the law or is acting on his own behalf does not warrant equitable tolling. *Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) ("[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."). In addition, as discussed above, the Supreme Court precedent relied upon by Dright does not afford him any excuse for failure to timely present this federal petition.

The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects that

Dright was not diligent in pursuing federal habeas review in a timely manner.  There is no basis for equitable tolling in this case.

For all of the foregoing reasons, Dright's federal petition deemed filed on March 21, 2014, which was over seventeen (17) years after the one-year grace filing period expired on April 24, 1997, is untimely and should be dismissed for that reason.

## V.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Michael J. Dight's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[31]

New Orleans, Louisiana, this 26th day of November, 2014.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[31]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.